# REGENSBERGER v. QUINN.

## No. 15,824; March 13, 1895.

### 39 Pac. 788.

**Pleading—Defects Cured by Verdict.**—A Complaint alleging that a certain note has not been paid, but omitting the alternative "or any part thereof," no special demurrer being interposed, is good after judgment.

APPEAL from Superior Court, San Francisco County.

Action by Melville M. Regensberger against Annie M. Quinn. Judgment for plaintiff, and defendant appeals. Affirmed.

Geo. W. Monteith for appellant; Beatty & Fowler and Marcus Rosenthal for respondent.

TEMPLE, J.—This action is based upon two promissory notes, and the appeal is upon the judgment-roll. Appellant makes two points:

1. There is no allegation in the complaint that, at the time of the commencement of the action, the notes were unpaid in whole or in part. This objection is based upon the fact that as to the first note the allegation does not contain the alternative "or any part thereof." After judgment, there being no special demurrer, this would not be a fatal defect, even if the complaint contained no equivalent language, which in this case it does. It is averred that, aside from the sum of $7 which defendant paid plaintiff, defendant has wholly failed to pay principal or interest, and the sum of $412.07 is due thereon for principal and interest.

2. The other point is that the judgment is defective, because $50 was allowed for attorney's fees, and was added to the principal and interest, and $66.57 allowed for costs besides. If this were so, no injury would result to defendant. But the judgment expressly states the amount of principal and interest due, and that $50 was allowed for an attorney's fee, and also the sum taxed as costs. In the note the defendant is stipulated to pay the attorney's fee.

The appeal is frivolous, and the judgment is affirmed, with $50 damages.

We concur: McFarland, J.; Henshaw, J.